# Exhibit 1

# State Court Complaint

IN THE CIRCUIT OF THE 14TH JUDICIAL CIRCUIT IN AND FOR
BAY COUNTY, FLORIDA

DAWN YONTS, and
PAUL YONTS, her husband,

    Plaintiff,

Vs.

WAFFLE HOUSE, INC.
and ANTHONY VICK,

    Defendants.
_____/

## COMPLAINT

COMES NOW the Plaintiffs, DAWN YONTS and PAUL YONTS, by and through their undersigned counsel, and sues the Defendants, WAFFLE HOUSE, INC. and ANTHONY VICK, and alleges the following:

## GENERAL ALLEGATIONS

1. This is an action for damages which exceeds the sum of Thirty Thousand Dollars ($30,000.00) exclusive of costs, interest, and attorneys' fees, and meets the jurisdictional requirements of this Court.

2. At all times material hereto Plaintiffs, DAWN YONTS and PAUL YONTS, were over the age of 18 and are otherwise *sui juris*.

3. At all material times hereto, the Defendant, WAFFLE HOUSE, INC., was and is a foreign for-profit corporation authorized and doing substantial and continuous business in Bay County, Florida.

4. On October 15, 2021, the Defendant, WAFFLE HOUSE, INC., owned, managed, controlled, operated, and/or maintained a premises on which they operated the WAFFLE HOUSE restaurant located at or near 10327 Front Beach Road, Panama City, Bay County, Florida (hereinafter "Waffle House Restaurant").

5. At all times material hereto Defendant, ANTHONY VICK, was and is a resident of Bay County, Florida and is otherwise *sui juris*.

6. On or about October 15, 2021, Defendant, ANTHONY VICK was employed by the Defendant, WAFFLE HOUSE, INC., as the Restaurant Manager at the subject Waffle House Restaurant and directly was responsible for its overall operation and maintenance.

7. On or about October 15, 2021, Plaintiff, DAWN YONTS, was a business invitee of the Defendant, WAFFLE HOUSE, INC., and was in the Subject Waffle House Restaurant at the express and/or reasonably implied invitation of the Defendant, WAFFLE HOUSE, INC.

## COUNT I
(Negligence Of WAFFLE HOUSE, INC.)

8. Plaintiff re-alleges and re-states the allegations in the General Allegations above as if fully set forth herein.

9. On or about October 15, 2021, at the Subject Waffle House Restaurant, Plaintiff, DAWN YONTS, fell off a stool when the stool seat came loose from the stool base (hereinafter "Dangerous Stool") throwing the Plaintiff, DAWN YONTS, to the floor causing significant injuries.

10. At all times material hereto, the Dangerous Stool that caused the Plaintiff, DAWN YONTS, to fall to the floor was missing the proper bolts/screws and/or other attachment devices that were necessary to maintain the stool in a safe condition.

11. At all times material thereto, the Defendant, WAFFLE HOUSE, INC., had actual or constructive knowledge of the Dangerous Stool that caused the Plaintiff, DAWN YONTS, to fall to the floor and should have taken action to remedy this dangerous condition.

12. At all times material hereto, the Dangerous Stool existed for such a length of time that, in the exercise of ordinary care, the Defendant, WAFFLE HOUSE, INC., should have known the stool was not safe for customer use.

13. At all times material hereto, the Defendant, WAFFLE HOUSE, INC., owed a duty of care to the public and more specifically to the Plaintiff, DAWN YONTS:

   a. To maintain the Subject Waffle House Restaurant in a reasonably safe condition.

   b. To correct a dangerous condition at the Subject Waffle House Restaurant about which the Defendant, WAFFLE HOUSE, INC., either knew or should have known, by the use of reasonable care, existed on the premises.

   c. To warn the Plaintiff, DAWN YONTS, of a dangerous condition at the Subject Waffle House Restaurant.

   d. To regularly and vigilantly inspect all stools at the Subject Waffle House Restaurant and to quickly repair, remove, take out of service, and/or to warn of any dangerous stools.

   e. To train all employees to regularly and vigilantly inspect all stools at the Subject Waffle House Restaurant, and to quickly repair, remove, take out of service, and/or to warn of dangerous stools.

   f. To otherwise exercise reasonable care to maintain the Subject Waffle House Restaurant in a reasonably safe condition.

14. At all times material hereto, the Defendant, WAFFLE HOUSE, INC., breached its duty to care to the Plaintiff, DAWN YONTS, by:

a. Negligently failing to maintain the Subject WAFFLE HOUSE, INC. Restaurant in a reasonably safe condition, including the negligent failure to maintain the Dangerous Stool in a safe condition.

b. Negligently failing to correct a dangerous condition, the Dangerous Stool, about which the Defendant, WAFFLE HOUSE, INC., either knew or should have known, by the use of reasonable care, existed on the premises.

c. Negligently failing to warn the Plaintiff, DAWN YONTS, of a dangerous condition, the Dangerous Stool, at the Subject Waffle House Restaurant.

d. Negligently failing to Remedy/Remove/Repair the Dangerous Stool.

e. Negligently failing to regularly and vigilantly inspect all stools at the Subject Waffle House Restaurant, including the Dangerous Stool.

f. Negligently failing to train employees to regularly and vigilantly inspect all stools at the Subject Waffle House Restaurant, including the Dangerous Stool, and to quickly repair, remove, take out of service and/or warn customers of dangerous stools at the Subject Waffle House Restaurant.

g. Negligently failing to otherwise exercise reasonable care to maintain the Subject Waffle House Restaurant in a reasonably safe condition.

15. As a direct and proximate result of the aforementioned negligence of the Defendant, WAFFLE HOUSE, INC., the Plaintiff, DAWN YONTS, fell off a stool when the stool seat came loose from the stool base throwing the Plaintiff, DAWN YONTS, to the floor proximately causing the Plaintiff, DAWN YONTS, to suffer bodily injury and resulting pain and suffering, disability,

disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, and aggravation of a previously existing condition. These losses are either permanent or continuing and plaintiff will suffer these losses in the future.

Wherefore the Plaintiff, DAWN YONTS, demands judgment against the Defendant, WAFFLE HOUSE, INC., in an amount in excess of $30,000 for all injuries and damages (including interest, costs, and attorneys' fees as provided by law) and such other relief as this Court deems just and proper.

## COUNT II
(Negligence Of Defendant, ANTHONY VICK)

16. Plaintiff re-alleges and re-states the alleged allegations in the General Allegations above as if fully set forth herein.

17. At all times material hereto, the Defendant, ANTHONY VICK, was the Restaurant Manager at the Subject Waffle House.

18. On or about October 15, 2021, at the Subject Waffle House Restaurant, the Plaintiff, DAWN YONTS, fell off a stool when the stool seat came loose from the stool base throwing the Plaintiff, DAWN YONTS, to the floor causing significant injuries.

19. At all times material hereto, the Dangerous Stool that caused the Plaintiff, DAWN YONTS, to fall to the floor was missing the proper bolts/screws and/or other attachment devices that were necessary to maintain the stool in a safe condition.

20. At all times material hereto, the Defendant, ANTHONY VICK, was actively and directly responsible for the overall operations and safety of Subject Waffle House Restaurant, and personally owed a duty of care to the public and more specifically to the Plaintiff, DAWN YONTS, to:

    a. Maintain the Subject Waffle House Restaurant in a reasonably safe condition.

    b. Train employees to maintain the Subject Waffle House Restaurant in a reasonably safe condition.

    c. Implement the training of employees to maintain the Subject Waffle House Restaurant in a reasonably safe condition.

    d. Inspect the Subject Waffle House Restaurant for dangerous conditions.

    e. Inspect the Subject Waffle House Restaurant stools for safety.

    f. Repair loose or unsecured stools and restaurant furnishings utilized by customers.

    g. Take out of service dangerous, loose, or unsecured restaurant furnishings utilized by customers.

    h. Identify areas of the restaurant where dangerous conditions were foreseeable and preventing these dangerous conditions from reoccurring.

    i. Manage the operations and employees of the Subject Waffle House Restaurant to prevent foreseeable dangerous conditions.

    j. Otherwise manage the operations and employees of the Subject Waffle House Restaurant in such a manner as to maintain the Subject Waffle House Restaurant in a reasonably safe condition.

21. At all times material thereto, the Defendant, ANTHONY VICK, had actual or constructive knowledge of the dangerous condition of the Dangerous Stool and should have taken action to remedy, repair, remove from service, and/or to warn Plaintiff, DAWN TONTS, of the Dangerous Stool.

22. At all times material hereto, the dangerous condition of the Dangerous Stool existed for such a length of time that, in the exercise of ordinary care, the Defendant, ANTHONY VICK, should have known the Subject Dangerous Stool was in a dangerous condition.

23. At all times material hereto, the dangerous condition of the Subject Dangerous Stool occurred with regularity and was therefore foreseeable to the Defendant, ANTHONY VICK.

24. At all times material hereto, the Defendant, ANTHONY VICK, breached his duty of care to the Plaintiff, DAWN YONTS, by:

    a. Negligently failing to maintain the Subject Waffle House Restaurant in a reasonably safe condition.

    b. Negligently failing to correct a dangerous condition at the Subject Waffle House Restaurant, the Dangerous Stool, about which the Defendant, ANTHONY VICK, either knew or should have known, by the use of reasonable care, existed on the premises.

    c. Negligently failing to warn the Plaintiff, DAWN YONTS, of a dangerous condition at the Subject Waffle House Restaurant, including the Dangerous Stool.

    d. Negligently failing to Remedy/Remove/Repair the dangerous condition of the Dangerous Stool.

    e. Negligently performing attempted repairs to the Dangerous Stool.

    f. Negligently failing to take the known Dangerous Stool out of service.

    g. Negligently failing to train all employees to regularly and vigilantly inspect the Subject Waffle House Restaurant for dangerous conditions, including the Dangerous Stool, and to warn customers, including the Plaintiff, DAWN YONTS, of dangerous conditions at the Subject Waffle House Restaurant.

  h. Negligently failing to train all employees to identify areas of the Subject Waffle House Restaurant that could regularly have dangerous conditions, including the Subject Dangerous Stool, and to take steps to repair and/or remove reoccurring dangerous conditions at the Subject Waffle House Restaurant, including the Subject Dangerous Stool.

  i. Negligently failing to otherwise exercise reasonable care to maintain the Subject Waffle House Restaurant in a reasonably safe condition.

25. As a direct and proximate result of the active and direct negligence of the Defendant, ANTHONY VICK, the Plaintiff, DAWN YONTS, fell off a stool when the stool seat came loose from the stool base throwing the Plaintiff, DAWN YONTS, to the floor proximately causing the Plaintiff, DAWN YONTS, to suffer bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, and aggravation of a previously existing condition. These losses are either permanent or continuing and plaintiff will suffer these losses in the future.

Wherefore the Plaintiff, DAWN YONTS, demands judgment against the Defendant, ANTHONY VICK, in an amount in excess of $30,000 for all injuries and damages (including interest, costs, and attorneys' fees as provided by law) and such other relief as this Court deems just and proper.

COUNT III

26. The Plaintiff, DAWN YONTS, realleges all the allegations in the above General Allegations and Count I as if fully set forth herein.

27. At all times material hereto, the Plaintiffs, DAWN YONTS and PAUL YONTS, were and are husband and husband.

28. As a proximate cause of the negligence of the Defendant, WAFFLE HOUSE, INC., that proximately caused injuries and damages to the Plaintiff, DAWN YONTS; the Plaintiff, PAUL YONTS, has suffered the loss and/or diminution of his wife's services, comfort, society and attentions in the past and will suffer these losses in the future.

Wherefore, the Plaintiff, PAUL YONTS, demands judgment against the Defendant, WAFFLE HOUSE, INC., in an amount in excess of $30,000 for injuries and damages (including interest, costs, and attorneys' fees as provided by law) and such other relief as this Court deems just and proper.

## COUNT IV

29. The Plaintiff, DAWN YONTS, realleges all the allegations in the above General Allegations and Count II as if fully set forth herein.

30. At all times material hereto, the Plaintiffs, DAWN YONTS and PAUL YONTS, were and are husband and husband.

31. As a proximate cause of the negligence of the Defendant, ANTHONY VICK, that proximately caused injuries and damages to the Plaintiff, DAWN YONTS; the Plaintiff, PAUL YONTS, has suffered the loss and/or diminution of his wife's services, comfort, society and attentions in the past and will suffer these losses in the future.

Wherefore, the Plaintiff, PAUL YONTS, demands judgment against the Defendant, ANTHONY VICK, in an amount in excess of $30,000 for injuries and damages (including interest, costs, and attorneys' fees as provided by law) and such other relief as this Court deems just and proper.

DEMAND FOR JURY TRIAL

The Plaintiffs, DAWN YONTS and PAUL YONTS, hereby demands a Jury Trial for all issues so triable.

Dated this ___ day of February, 2023

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of foregoing document will be served on the Defendant via service of process in due course.

DATED:

    LaBovick Law Group
    5220 Hood Road, 2nd Floor
    Palm Beach Gardens, FL  33418
    (561) 625-8400 - Telephone
    (561) 370-6411 – Facsimile

    By:_____
    Kristian Bie, Esq.
    Florida Bar Number: 87043
    Email: Kbie@LaBovick.com
    Pdaddario@LaBovick.com
    PILit@LaBovick.com